# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Sheirys Bredemeier,<br>Plaintiff,<br><br>v.<br><br>Denis McDonough, Secretary, U.S. Department of Veterans Affairs. | 21-cv-006216<br><br>JURY DEMANDED |

## COMPLAINT

Now comes Plaintiff, Sheirys Bredemeier ("Plaintiff" or "Bredemeier"), through her attorneys, Justin G. Randolph, and Philip S. Holloway, and complaining of the Defendant, Denis McDonough ("Defendant" or "Agency"), Secretary, Department of Veterans Affairs, states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. The present action alleges claims based on violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq.

2. This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District.

1

## PARTIES

4. Bredemeier, a disabled woman with prior protected activity, was, at all relevant times, employed by Defendant at Hines VA Hospital, in Hines, Illinois.

5. Denis McDonough, is the Secretary of the U.S. Department of Veterans Affairs and, as such, is the proper party defendant herein since he is responsible for the administration and enforcement of all laws, rules and regulations relating to harassment, discrimination, reasonable accommodations, and retaliation at the Agency including those related to employees at Hines VA Medical Center.

## PRIOR ADMINISTRATIVE PROCEEDINGS

6. Bredemeier exhausted all mandatory pre-complaint administrative procedures through the timely filing of complaints of discrimination and retaliation with the Agency's Office of Resolution Management. Case No. 200J-0578-2020102507 & Case No. 200J-0578-2020103538.

7. This complaint is filed within 90 days of receipt of the Final Agency Decisions on her complaints.

## FACTS COMMON TO ALL COUNTS

8. Bredemeier has been working for the VA since 1999.

9. At all relevant times, the Department of Veterans Affairs was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act.

10. At all relevant times Plaintiff was employed at Hines VA Medical Center and her performance has always been rated at least fully successful.

11. In 2015, Bredemeier filed suit alleging harassment, failure to accommodate, and retaliation. (*Bredemeier v. Wilkie*, 15 C 7514)

12. Defendant moved for summary judgment, which was largely denied by Judge Kennelly on August 3, 2018.

13. In September 2018, the Agency's Office of Employment Discrimination Complaint Adjudication issued a FAD finding that the Agency failed to reasonably accommodate Bredemeier.

14. The parties settled Bredemeier's suit in November 2018.

15. In 2020, Bredemeier made several requests for accommodations and notified the Agency that her existing, approved, accommodations were either not working or had not been consistently provided.

16. In February 2020, one of Bredemeier's supervisors, Christine Mabrito, made a sarcastic comment regarding Bredemeier's prior lawsuit, like "she better be nice" to Bredemeier because "I don't want Justin (one of Bredemeier's attorneys) on my ass again."

17. Mabrito also asked Bredemeier why her lawyers did not mention Christopher Wirtjes ("Wirtjes") (one of Bredemeier's other supervisors), and asked Bredemeier why she (Mabrito) was the only one who was punished.

18. Bredemeier found Mabrito's comments threatening and inappropriate.

19. The Administrative Officer ("AO"), Primavera Faught ("Faught") asked Bredemeier if she was looking for a new job and stated that it would be better if she did not have to deal with anyone in her current department.

20. Bredemeier believed Faught's comments were an indication that her supervisors were making negative comments about Bredemeier to other staff.

21. Bredemeier complained about Mabrito's conduct but no corrective action was taken.

22. On one occasion, Wirtjes came to Bredemeier's office and told her she should not have filed an EEO complaint.

23. On February 21, 2020, Bredemeier contacted the Office of Resolution Management ("ORM") to lodge a complaint.

24. On March 27, 2020, Bredemeier filed a formal complaint of harassment, discrimination and retaliation alleging:

    a. That the Agency failed to reasonably accommodate her;

    b. That her supervisors were forcing her to perform work at a higher grade without commensurate compensation;

    c. That her supervisors intentionally downgraded her performance evaluation;

    d. That her supervisor made disparaging remarks about her and another disabled employee;

    e. That her supervisor made disparaging remarks about her prior protected activity.

25. In April 2020, Bredemeier learned that she was not going to be interviewed for a promotion for which she applied, Program Specialist, Vacancy Announcement # HN-10736892-20JM

26. Bredemeier learned that Stephen Campbell, a VA supervisor, who was aware of Bredemeier's prior protected activity and disability, changed the guidelines for the interviews once he saw Bredemeier was an applicant, intentionally disqualifying her from the interviews.

27. Bredemeier had been applying for different positions but could not seem to get an interview or, if she did get an interview, was not selected.

28. Bredemeier believes she was being retaliated against for her prior lawsuit or because of her disability.

29. Also, in April 2020, Bredemeier requested the accommodation of "telework," but her supervisor rejected her request without engaging in the interactive process.

30. Bredemeier's co-workers were allowed to telework.

31. On April 16, 2020, Bredemeier again contacted ORM to lodge a complaint.

32. On May 15, 2020, Bredemeier filed another formal complaint, alleging:

    a. Harassment/Hostile work environment;

    b. Non-selection;

    c. Failure to accommodate.

33. Because of the issues Bredemeier was experiencing, Shirley Dixon ("Dixon"), a Health Systems Specialist at Hines, told Bredemeier to schedule a meeting with Jon Beidelschies ("Beidelschies"), Associate Director, to complain about Mabrito and Wirtjes.

34. Beidelschies told Dixon he wanted her to be present at the meeting because Bredemeier was a "problem."

35. Beidelschies also made a reference to Bredemeier's prior lawsuit.

36. Before Bredemeier's meeting with Beidelschies, Wirtjes talked to Dixon and stated, "so I see our favorite person has a meeting with Jon [Beidelschies]."

37. Wirtjes told Dixon he did not know what to do with Bredemeier because she was a constant problem.

38. In September 2020, Bredemeier overheard Campbell tell Bredemeier's co-worker, Shrise Blair, that Bredemeier was not allowed in Blair's work area because Bredemeier "sued" him.

39. During the EEO investigation, Campbell denied he used the words "sued him" but admitted he told Blair that Bredemeier should not be in her work area because of Bredemeier's complaints.

40. On November 17, 2021, the Agency found that Campbell's conduct violated Bredemeier's rights as it "undoubtedly had a 'chilling effect' on Complainant's likelihood to engage in future EEO activity, if needed" and "had the potential to ostracize Complainant from her colleagues, labeling her as a 'problem' employee."

## COUNT I
*(Retaliation under Title VII & The Rehabilitation Act)*

41. Plaintiff re-alleges and re-asserts the allegations contained in preceding paragraphs as if fully set forth herein.

42. Plaintiff engaged in protected activity.

43. The Agency was aware of Plaintiff's protected activity.

44. Because of Plaintiff's protected activity, and the Agency's retaliatory animus, the Agency's employees, including Plaintiff's co-workers and supervisors:

    a. interfered with Plaintiff's promotional opportunities;

    b. interfered with the terms and conditions of Plaintiff's employment;

    c. downgraded Plaintiff's performance;

    d. subjected Plaintiff to harassment;

    e. disparaged Plaintiff in the workplace;

   f. denied Plaintiff's requested accommodations or otherwise failed to reasonably provide accommodations to Plaintiff.

45. The Agency's treated individuals without protected activity more favorably.

46. The Agency's stated reason for its conduct is pretext for unlawful retaliation.

47. The Agency's actions could undoubtedly have a chilling effect on an employee's exercise of their rights.

WHEREFORE, plaintiff prays for relief and damages including the following:

 a. Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

 b. That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

 c. That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

 d. That plaintiff recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non-wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

 e. That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other fee-shifting statutes; and

f. Such other and further relief as this Court deems just or appropriate under the circumstances.

## COUNT II
*(Failure to Accommodate under The Rehabilitation Act)*

48. Plaintiff re-alleges and re-asserts the allegations contained in preceding paragraphs as if fully set forth herein.

49. The Agency, through the actions of its employees the VA violated Plaintiff's rights under the Rehabilitation Act.

50. The Agency's failure to engage in the interactive process in good faith constitutes a violation of the Rehabilitation Act.

51. The Agency's failure to provide a reasonable interim accommodation constitutes a violation of the Rehabilitation Act.

52. The Agency's failure to reasonably accommodate plaintiff constitutes a violation of the Rehabilitation Act.

53. The Agency violated the Rehabilitation Act by failing to ensure that Plaintiff's accommodations were effective or provided in a timely manner.

54. The Agency allowed non-disabled employees to telework, subjecting Plaintiff to disparate treatment due to her disabilities.

55. The Agency violated the Rehabilitation Act by failing to ensure that Plaintiff's accommodations were effective or provided in a timely manner.

56. Defendant's explanation for its conduct is pretext for discrimination and an attempt to hide its failure to comply with its legal obligations under the Rehabilitation Act.

57. As a proximate result of the acts and omissions on the part of defendant, Plaintiff has suffered damage to her career, physical, psychological, and emotional injury, compensable damages, and other substantial and irreparable injury.

WHEREFORE, plaintiff prays for relief and damages including the following:

a. Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

b. That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c. That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

d. That plaintiff recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non-wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

e. That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other fee-shifting statutes; and

f. Such other and further relief as this Court deems just or appropriate under the circumstances.

## COUNT III
*(Interference with rights under The Rehabilitation Act)*

58. Plaintiff re-alleges and re-asserts the allegations contained in preceding paragraphs as if fully set forth herein.

59. The Agency, through its employees, engaged in persistent and intentional efforts to undermine plaintiff's exercise of her rights under the Rehabilitation Act.

60. As a proximate result of the acts and omissions on the part of defendant, Plaintiff has suffered damage to her career, physical, psychological, and emotional injury, compensable damages, and other substantial and irreparable injury.

WHEREFORE, plaintiff prays for relief and damages including the following:

a. Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

b. That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c. That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

d. That plaintiff recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non-wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

    e.    That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other fee-shifting statutes; and

    f.    Such other and further relief as this Court deems just or appropriate under the circumstances.

## COUNT IV
*(Discrimination in violation of The Rehabilitation Act)*

61. Plaintiff re-alleges and re-asserts the allegations contained in preceding paragraphs as if fully set forth herein.

62. Plaintiff is a disabled individual as defined by the Rehabilitation Act.

63. The Agency is aware of Plaintiff's disabilities.

64. Because of Plaintiff's protected activity, and the Agency's discriminatory animus, the Agency's employees, including Plaintiff's co-workers and supervisors:

    a. interfered with Plaintiff's promotional opportunities;

    b. interfered with the terms and conditions of Plaintiff's employment;

    c. downgraded Plaintiff's performance;

    d. subjected Plaintiff to harassment;

    e. disparaged Plaintiff in the workplace;

    f. denied Plaintiff's requested accommodations or otherwise failed to reasonably provide accommodations to Plaintiff.

65. The Agency's treated non-disabled individuals more favorably.

66. The Agency's stated reason for its conduct is pretext for unlawful discrimination.

67. As a proximate result of the acts and omissions on the part of defendant, Plaintiff has suffered damage to her career, physical, psychological, and emotional injury, compensable damages, and other substantial and irreparable injury.

WHEREFORE, plaintiff prays for relief and damages including the following:

a. Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

b. That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c. That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

d. That plaintiff recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non-wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

e. That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other fee-shifting statutes; and

f. Such other and further relief as this Court deems just or appropriate under the circumstances.

Respectfully submitted,
**SHEIRYS BREDEMEIER,**

BY: /s/ <u>Justin G. Randolph</u>
Justin G. Randolph
Randolph & Holloway LLC
53 W. Jackson Blvd., Suite 1234
Chicago, IL 60604
(312) 663-1560
(312) 277-7432 (fax)
justin@randolph-holloway.com